UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

NAYEM ULLAH,
Petitioner,
v.
CHRISTOPHER J. LAROSE, et al.,
Respondents.

Case No.: 26-cv-4093-RSH-VET

**ORDER DENYING PETITIONER'S MOTION TO REOPEN AND FOR RECONSIDERATION**

[ECF No. 14]

On October 22, 2026, this Court granted Petitioner's petition for writ of habeas corpus (the "Petition") and ordered the government to hold a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days. ECF No. 12 at 2. A bond hearing was held before an immigration judge ("IJ") on October 27, 2026, at which the IJ determined that "DHS . . . establish[ed] through clear and convincing evidence that [Petitioner] is a flight risk based on his current removal order, his lack of employment history, his lack of a fixed address and his lack of significant community ties." ECF No. 18-1 at 2. On November 5, 2026, Petitioner filed a motion to reopen and for reconsideration, ECF No. 14, arguing that the IJ "failed to meaningfully account for Petitioner's particular circumstances" in applying factors set forth in *Matter of Guerra*, 24 I. & N. Dec. 37 (BIA 2006). The government opposes the motion to reopen and for reconsideration. ECF No. 18.

Reconsideration under Federal Rule of Civil Procedure 59(e) is an "extraordinary remedy, to be used sparingly." *Kona Enters. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Petitioner argues that the IJ erred by applying the *Matter of Guerra* factors and suggests that the IJ applied an irrebuttable presumption that Petitioner is a flight risk. *See* ECF No. 14 at 5–9. Petitioner argues that the exhaustion requirement should be excused because "[r]esolution of a bond appeal before the Board of Immigration Appeals takes anywhere between five (5) to nine (9) months." *Id.* at 9. Petitioner has not established that the IJ failed to comply with this Court's order, nor set forth any circumstances that would justify excusing the exhaustion requirement. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011); *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). Petitioner essentially seeks to collaterally attack the IJ's rationale for denying bond and, in so doing, to skip the administrative review process that is designed to allow the agency to correct its own errors. The Court declines to excuse or waive the prudential exhaustion requirement and finds that Petitioner has not met the standard for reconsideration under Federal Rule of Civil Procedure 59(e).

For the foregoing reasons, Petitioner's motion to reopen and for reconsideration, ECF No. 14, is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 20, 2026

Robert S. Huie

Hon. Robert S. Huie
United States District Judge